**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| UNILOC USA, INC. and <br> UNILOC LUXEMBOURG, S.A., <br><br> Plaintiffs, <br><br> v. <br><br> UBISOFT, INC., <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 2:16-cv-781 <br><br><br><br> PATENT CASE <br><br><br> JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (together "Uniloc"), as and for their complaint against defendant, Ubisoft, Inc. ("Ubisoft"), allege as follows:

## THE PARTIES

1. Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation having a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano Texas 75024. Uniloc also maintains a place of business at 102 N. College, Suite 603, Tyler, Texas 75702.

2. Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

3. Upon information and belief, Ubisoft is a California corporation having a principal place of business in San Francisco, California and offering its products, including those accused herein of infringement, to customers and/or potential customers located in Texas and in the judicial Eastern District of Texas. Ubisoft may be served with process through its registered agent: Stephen Smith, 1900 Avenue of the Stars, 21st Floor, Los Angeles, California 90067.

## JURISDICTION AND VENUE

4. Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). Upon information and belief, Ubisoft is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, and/or has purposely transacted business involving the accused products in this judicial district, including sales to one or more customers in Texas.

6. Ubisoft is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and judicial district, including: (A) at least part of its past infringing activities, (B) regularly doing or soliciting business in Texas and/or (C) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## COUNT I
(INFRINGEMENT OF U.S. PATENT NO. 6,489,974)

7. Uniloc incorporates paragraphs 1-6 above by reference.

8. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 6,489,974 ("the '974 Patent"), entitled BUOY ICON NOTIFICATION OF OBJECT INTERFACE ACCESSIBILITY IN MULTITASKING COMPUTER ENVIRONMENT that issued on December 3, 2002. A true and correct copy of the '974 Patent is attached as Exhibit A hereto.

9. Uniloc USA is the exclusive licensee of the '974 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

10. Upon information and belief, the following illustrates, at least in part, how Ubisoft's Uplay software platform works:





11. Upon information and belief, the following illustrates, at least in part, how Ubisoft's Uplay software platform works:



12. Upon information and belief, the following illustrates, at least in part, how Ubisoft's Uplay software platform works:



13. Upon information and belief, the following illustrates, at least in part, how Ubisoft's Uplay software platform works:

4





14. Upon information and belief, the following illustrates, at least in part, how Ubisoft's Uplay software platform works:





15. Ubisoft has directly infringed, and continues to directly infringe one or more claims of the '974 Patent in this judicial district and elsewhere in Texas, including at least Claims 1, 2, 4, 8, 12, 13, 15 and 19 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling its Uplay software platform during the pendency of the '974 Patent, which software platform *inter alia* practices a method, and is a system, implemented on a multitasking computer that comprises first and second objects, providing notification of a status of said first object on said computer, comprising the steps of and/or a means for: providing a representation of the first object on a user interface of the computer, with the representation supporting user interaction with the first object; executing the first object; while the first object is executing, enabling the second object to support user interaction with the second object; while the second object is enabled to support user interaction, determining when the first object ceases executing; and providing a notification on the user interface when the first object ceases executing by suddenly displaying a notification icon on the user interface while maintaining the representation of the first object, said notification being in a location that is separate from the representation of the first object.

16. In addition, should Ubisoft's Uplay software platform be found to not literally infringe the asserted claims of the '974 Patent, Ubisoft's accused system would nevertheless infringe the asserted claims of the '974 Patent. More specifically, the accused Uplay software platform performs substantially the same function (providing notification of an idle status of an executing object on a multitasking computer), in substantially the same way (by suddenly

6

displaying a notification in a location separate from the representation of the first object), to yield substantially the same result (alerting the user that a first object is now accessible while a second object is enabled to support user interaction). Ubisoft would thus be liable for direct infringement under the doctrine of equivalents.

17. Ubisoft may have infringed the '974 Patent through other software utilizing the same or reasonably similar functionality, including other versions of its Uplay software platform. Uniloc reserves the right to discover and pursue all such additional infringing software.

18. Uniloc has been damaged, reparably and irreparably, by Ubisoft's infringement of the '974 Patent and such damage will continue unless and until Ubisoft is enjoined.

## PRAYER FOR RELIEF

Uniloc requests that the Court enter judgment against Ubisoft as follows:

(A) that Ubisoft has infringed the '974 Patent;

(B) awarding Uniloc its damages suffered as a result of Ubisoft's infringement of the '974 Patent pursuant to 35 U.S.C. § 284;

(C) enjoining Ubisoft, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries and parents, and all others acting in concert or privity with it from infringing the '974 Patent pursuant to 35 U.S.C. § 283;

(D) awarding Uniloc its costs, attorneys' fees, expenses and interest, and

(E) granting Uniloc such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Dated: _July 15, 2016                    Respectfully submitted,

                                          */s/ Craig Tadlock*
                                          Craig Tadlock
                                          Texas State Bar No. 00791766
                                          Keith Smiley
                                          Texas State Bar No. 24067869
                                          **TADLOCK LAW FIRM PLLC**
                                          2701 Dallas Parkway, Suite 360
                                          Plano, TX 75093
                                          Tel: (903) 730-6789
                                          Email: craig@tadlocklawfirm.com
                                          Email: keith@tadlocklawfirm.com

                                          Paul J. Hayes
                                          Kevin Gannon
                                          **CESARI AND MCKENNA, LLP**
                                          88 Black Falcon Ave
                                          Suite 271
                                          Boston, MA 02110
                                          Telephone: (617) 951-2500
                                          Facsimile: (617) 951-3927
                                          Email: pjh@c-m.com
                                          Email: ktg@c-m.com

                                          **ATTORNEYS FOR THE PLAINTIFFS**